﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 190617-10128
DATE: January 31, 2020

REMANDED

Entitlement to service connection for left inguinal hernia, to include as secondary to service-connected irritable bowel syndrome, is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the U.S. Army from August 1981 to June 1992. The Board notes that the rating decision on appeal was issued in August 2018. 

In March 2019, the Veteran elected the modernized review system by filing a supplemental claim via VA Form 20-0995. Accordingly, the regional office (RO) issued an AMA rating decision in May 2019. The Veteran timely appealed this rating decision and selected the Direct Review lane when he submitted a VA Form 10182 in June 2019. Therefore, Board will consider the evidence of record as of the date of the May 2019 AMA rating decision. 38 C.F.R. § 20.301 (2019).

Upon review of the record, the Board finds that the claim must be remanded. The Board sincerely regrets the additional delay caused by this remand but wishes to assure the Veteran that it is necessary for a full and fair adjudication of his claim.

Entitlement to service connection for left inguinal hernia, to include as secondary to service-connected irritable bowel syndrome, is remanded.

The Board finds that a new examination and etiological opinion is warranted for the Veteran’s claim. The Veteran contends his left inguinal hernia is secondary to his service-connected irritable bowel syndrome. 

The Veteran underwent a VA examination in August 2018. The examiner, a nurse practitioner, noted the Veteran was diagnosed with left inguinal hernia in March 2018. The Veteran reported his hernia symptoms were exacerbated with straining during bowel movements and he experienced intermittent pain after defecation and urination if bladder was full. The August 2018 examiner opined it was less likely as not that the Veteran’s left inguinal hernia was proximately due to or the result of the Veteran’s service-connected irritable bowel syndrome because the two conditions were not medically related, with no medical literature to support such a relationship. She explained that the hernia was a separate entity from the Veteran’s service-connected condition and unrelated. 

The Board finds the August 2018 examination and opinion to be inadequate. When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Opinions regarding secondary service connection must address both causation and aggravation. El-Amin v. Shinseki, 26 Vet. App. 136 (2013). Here, the August 2018 examiner failed to offer an opinion regarding the aggravation aspect of secondary service connection. Moreover, the examiner only stated generally that the two conditions are not medically related and were separate entities and that the medical literature did not support a medical relationship but did not address the specific facts of the case, to include the Veteran’s contention that the straining from the irritable bowel syndrome caused the hernia. The opinion is inadequate for this reason as well. Bailey v. O’Rourke, 30 Vet. App. 54, 60 (2018) (a medical opinion that relies on the absence of general medical literature supporting nexus without discussing the specific facts of the case is inadequate).

Given that the RO found the August 2018 opinion adequate and this was prior to the decision on the claim, the Board finds that this is a pre-decisional duty to assist error warranting remand under the AMA and implementing regulations. 38 C.F.R. § 20.802(a) (2019). Accordingly, an opinion should be obtained regarding whether the Veteran’s left inguinal hernia was either caused or aggravated by the Veteran’s service-connected irritable bowel syndrome. 

The matter is REMANDED for the following action:

1. Assist the Veteran in associating with the claims folder updated treatment records.

2. Request an opinion from an appropriate physician as to the etiology of the Veteran’s left inguinal hernia. The claims file should be made available to the physician for review in connection with the examination. 

The physician should respond to the following:

It is at least as likely as not (i.e., at least a 50 percent probability) that the Veteran’s left inguinal hernia was either (a) caused or (b) aggravated by his service-connected irritable bowel syndrome?

If the physician finds that the Veteran’s left inguinal hernia was aggravated by his service-connected irritable bowel syndrome, then he/she should specify the baseline level of disability of the disability prior to aggravation and the permanent, measurable level of increased impairment due to the service-connected irritable bowel syndrome.

The physician is advised that the Veteran is competent to report symptoms, treatment, and injuries, and that his reports must be taken into account in formulating the requested opinions, including, but not limited to the Veteran’s lay statements concerning straining due to IBS as a potential cause of the hernia and the pain he experiences from his left inguinal hernia during bowel movements or urination.

The physician should provide a rationale for all proffered opinions.

 

 

Jonathan Hager

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. L. Park, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.